## OSBORN v. BARBER.

(Supreme Court, Appellate Division, Third Department.  May 16, 1905.)

1. APPEAL—WAIVER OF RIGHT—PARTICIPATION IN PROCEEDING.

The action of defendant's counsel in appearing and taking part in the examination of a witness does not constitute a waiver of defendant's right to appeal from an order previously made denying a motion to vacate the order for the examination.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 957, 963.]

2. DEPOSITIONS—ORDERS FOR EXAMINATION—REQUISITES—REASON FOR PREMATURE EXAMINATION.

Under Code Civ. Proc. § 873, requiring an order for the examination of a witness to direct the time of the service of a copy thereof, which must not be more than 20 nor less than 5 days before the time fixed for the examination, unless special circumstances are shown in the affidavit, and that fact is recited in the order, an order of examination should be vacated where it directs the examination to take place four days after the granting of the same, and fails to state the reason for such haste.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Depositions, §§ 98, 120.]

Appeal from Special Term, New York County.

Action by Charles C. Osborn against Amzi L. Barber.  From an order denying a motion to set aside an order for the examination of a witness, defendant appeals.  Reversed.

The action is brought by the plaintiff, as assignee of one William W. Baldwin, to recover for medical services rendered to the son and daughter of the defendant.  The answer, among other things, denies that such services were rendered at the defendant's request.  After issue joined, the plaintiff procured from the county judge of Saratoga county an order for the examination of one Cornelia C. Rowe as a witness in said action, upon the ground that she was about to leave the state.  The order was granted upon the 2d day of March, 1905, and was made returnable upon the 6th day of March, at the Hotel Martha Washington, in the city of New York.  This order was served upon the defendant's attorney by mail, he receiving the same upon the 3d day of March.  An order was granted by a Supreme Court justice, in the city of New York, requiring the plaintiff to show cause, at a special term of the Supreme Court to be held in the city of Albany upon the 7th day of March, 1905, why the said order for the examination of the said Cornelia G. Rowe should not be vacated.  In the meantime the proceedings under the said order for the examination were stayed.  Upon consent this motion was heard before Part 1 of the Special Term of the Supreme Court, in the city of New York.  The motion to vacate the order was denied, and it is from the order entered upon this decision that this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Niles & Johnson (William W. Niles and John Cunneen, of counsel), for appellant.

Winsor B. French, for respondent.

SMITH, J.  Respondent first moves to dismiss the appeal on the ground that, after the denial of defendant's motion to vacate the order for examination, defendant's counsel appeared upon the examination and made objections to questions asked, and also cross-examined the witness.  This act is claimed to be a waiver on the

93 N.Y.S.—53

part of the defendant of any right which he might otherwise have to question the denial of his motion to vacate the order for the examination. I do not so understand it. The defendant's counsel could safely have done nothing less. He objected before the referee to the taking of the deposition, and cannot be held to have waived any rights which he might have to the vacating of the order for the examination by appearing upon such examination after the refusal of the Special Term to vacate the order therefor.

Upon the merits of the appeal we think that the defendant's motion to vacate the order should have been granted. Various objections were made to the order and the affidavits upon which the order was granted, one of which only it will be necessary to consider. By section 873 of the Code of Civil Procedure it is provided that "the order must also direct the time of the service of a copy thereof, which must be made within the state not more than twenty nor less than five days before the time fixed for the examination, unless special circumstances, making a different time of service necessary, are shown in the affidavit and that fact is recited in the order." In this case the examination was directed to take place four days after the granting of the order therefor. If we can assume, for the argument, that the affidavit sufficiently shows good reason for directing the examination to be taken at some time less than five days from the granting thereof, there is no attempt to state such reason in the order for the examination, as specifically required by the provision of the Code above quoted. This irregularity, if it be such, was specifically pointed out in the order to show cause upon which the order appealed from was made. Without considering the objections made to the sufficiency of the affidavits, therefore, we think the order must be reversed.

Order reversed, with $10 costs and disbursements, and motion to vacate the order for examination granted, with $10 costs. All concur.